UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA D.,

                                          Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                          Defendant.
_____

<u>DECISION AND ORDER</u>

20-CV-1890L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On February 6, 2018, plaintiff, then fifty-eight years old, filed applications for a period of disability and disability insurance benefits, alleging an inability to work since September 30, 2017. Her application was initially denied. Plaintiff requested a hearing, which was held on December 2, 2019, via videoconference before Administrative Law Judge ("ALJ") Benjamin Chaykin. (Administrative Transcript, Dkt. #10 at 25). On behalf of ALJ Chaykin, ALJ John Murdock issued a decision on February 3, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #10 at 15-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 27, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

       The plaintiff has moved for judgment remanding the matter for the calculation and payment of benefits or in the alternative for further proceedings (Dkt. #14), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #15), pursuant to Fed. R. Civ. Proc. 12(c). For the

reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings, as set forth below.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff has the following severe impairments, not meeting or equaling a listed impairment: obesity, osteoarthritis, spinal disorder, psoriasis, psoriatic arthritis, and bilateral carpal tunnel syndrome. (Dkt. #10 at 17).

The ALJ also considered plaintiff's diagnoses of, inter alia, osteopenia, asthma, hypertension, thyroid disorder, cerebrovascular disease, Raynaud's syndrome, headaches, and ocular migraines, and determined that none of these arose to the level of a severe impairment. (Dkt. #10 at 17-18). However, the ALJ stated that in determining plaintiff's RFC, he had nonetheless "considered all of the claimant's medically determinable impairments, including those that are not severe." (Dkt. #10 at 18).

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with no climbing of ropes, scaffolds, or ladders, and no more than occasional climbing of ramps or stairs, stooping, crouching,

balancing, kneeling, or crawling. Plaintiff can never be exposed to dangerous hazards such as unprotected heights or dangerous machinery, and cannot tolerate concentrated exposure to dusts, odors, fumes, or other pulmonary irritants. Finally, plaintiff can engage in frequent handling and fingering. (Dkt. #10 at 19).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, vocational expert James L. Soldner testified that such an individual could perform plaintiff's past relevant work as a clerk typist. (Dkt. #10 at 23-24).

The ALJ accordingly found plaintiff not disabled. This appeal followed.

### III.  Plaintiff's Carpal Tunnel Syndrome

The ALJ's decision made detailed findings with respect to plaintiff's RFC, citing plaintiff's medical records, examination findings, and the opinions of treating, consulting, and reviewing physicians. With respect to plaintiff's carpal tunnel syndrome, the ALJ noted that imaging studies in November 2017 and September 2018 had confirmed moderate carpal tunnel syndrome, for which plaintiff wore wrist splints and had undergone epidural injections. He also acknowledged plaintiff's reports of numbness, tingling, pain, swelling and ongoing stiffness in her hands. (Dkt. #10 at 20, 21).

The ALJ did not explain his findings concerning plaintiff's hand-related symptoms – a matter which frustrates review and might otherwise substantiate remand on its own – but he ultimately concluded, without further elaboration or reference to any medical opinion of record, that plaintiff retained the RFC to perform "frequent" handling and fingering.

I concur with plaintiff that the record was not sufficiently complete for the ALJ to have made a well-supported finding with respect to the effect of plaintiff's carpal tunnel syndrome on her exertional capacity, and as such, the matter must be remanded to obtain additional evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment records and objective testing relative to plaintiff's carpal tunnel syndrome, which the ALJ found to be a severe impairment. However, the record lacked any medical opinion evidence or objective assessment of its effect upon plaintiff's ability to perform exertional tasks. Indeed, none of the consulting or reviewing physicians upon whose opinions the ALJ relied made any mention of plaintiff's carpal tunnel syndrome diagnosis, or otherwise indicated that they were aware of it. (Dkt. #10 at 66-79, 619-22, 633-34).

Since the record did not contain any medical opinion concerning plaintiff's carpal tunnel syndrome, the ALJ's implicit discounting of plaintiff's testimony describing ongoing numbness and inability to hold or manipulate objects with her hands, and his unexplained determination that plaintiff had the RFC to "frequently" perform manipulative tasks, could *only* have been based upon his layperson interpretation of "raw data" in the record. *See Cruver v. Commissioner*, 2020 U.S. Dist. LEXIS 137683 at *4-*5 (W.D.N.Y. 2020) (remand is required where the ALJ "did not rely on any medical opinions" in reaching his highly-specific exertional findings); *Bailey v. Commissioner*, 2020 U.S. Dist. LEXIS 128280 at *19 (W.D.N.Y. 2020) (an ALJ's use of lay judgment to formulate an RFC is reversible error, and requires remand "so that the ALJ can develop the medical record and ground the physical RFC determination in a medical opinion or opinions in the record"). Remand is therefore appropriate.

Nor can the ALJ's error be deemed harmless, as the past relevant work to which the ALJ found plaintiff could return – clerk typist – requires frequent handling and fingering. *See* U.S. Dept. of Labor, Dictionary of Occupational Titles §203.362-010 (2001).

Because I find that remand is necessary to re-determine plaintiff's claim and to issue an entirely new decision, I decline to reach the remainder of plaintiff's objections.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's cross-motion (Dkt. #15) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings, for the purpose of gathering and considering additional evidence and medical opinions with respect to plaintiff's exertional and postural limitations (including but not limited to those related to carpal tunnel syndrome), redetermining plaintiff's claim, and issuing a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 16, 2022.